UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JACKIE NGUYEN,<br><br>    Plaintiff,<br><br>v.<br><br>INSPECTIONS NOW, INC; FLOOR AND DECOR OUTLETS OF AMERICA, INC.; and JASON POST HOMES, LLC,<br><br>    Defendants. | Civil Action No. _____<br><br>Section: _____<br><br>Judge: _____<br><br>Magistrate: _____ |

**DEFENDANT FLOOR AND DECOR
OUTLETS OF AMERICA, INC.'S NOTICE OF REMOVAL**

Defendant Floor and Decor Outlets of America, Inc. ("Floor & Decor") files this Notice of Removal and hereby removes the civil action styled *Jackie Nguyen v. Inspections Now, Inc., et al.*, Cause No. 21-DCV-287142, pending in the 434th Judicial District Court, Fort Bend County, Texas (the "State Court Action"), to the United States District Court for the Southern District of Texas, Houston Division. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1446.

**Summary of Basis for Removal**

1.    Plaintiff filed the State Court Action on September 7, 2021.[1]

2.    In the State Court Action, Plaintiff alleges property damage, personal injury, and wrongful death claims arising from a February 16, 2021 fire at Plaintiff's Fort Bend County home, which injured Plaintiff and resulted in the deaths of minors O.N., E.N., and C.N. Plaintiff alleges (1) that Floor & Decor sold defective "wood paneling" and failed to warn that said "wood paneling" was not fit for use in the vicinity of Plaintiff's fireplace; and (2) that codefendants

---

[1] *See* Pl.'s Original Pet.

1

Inspections Now, Inc. ("Inspections Now") and Jason Post Homes, LLC ("Jason Post Homes") negligently inspected Plaintiff's home prior to the fire.[2]

3. Plaintiff's Petition, while impermissibly vague, seeks a variety of damages, including compensatory damages for alleged property damage and personal injury, wrongful death damages, and exemplary damages. Plaintiff's Petition expressly states that the value of the monetary relief sought exceeds $1,000,000.[3]

4. There is complete diversity between Plaintiff (who is a citizen of Texas) and Floor & Decor (which is a citizen of Delaware and Georgia).[4] The other defendants have been improperly joined.

5. The Court has jurisdiction under 28 U.S.C. § 1332(a), and this action may thus be removed pursuant to 28 U.S.C. § 1441.

## Jurisdiction

6. This Court has jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1332(a). The State Court Action is a civil action in which the amount in controversy exceeds the sum of $75,000, and there is complete diversity of citizenship between plaintiff and Floor & Decor.

7. Based on the damages claimed in Plaintiff's Petition it is "facially apparent that the claims are likely above $75,000." *Luckett v. Delta Airlines*, 171 F.3d 295, 298 (5th Cir. 1999).

---

[2] *See generally* Pl.'s Second Am. Pet.

[3] *Id.* ¶ 23.

[4] Floor & Decor believes that it has also likely been wrongfully named in this action, but discovery is ongoing. Floor & Decor has no record of any transaction with Plaintiff, and Plaintiff has to date provided no evidence to substantiate the allegation in her Petition that the "wood paneling" at issue was purchased from Floor & Decor. Moreover, based on the photographs produced by Plaintiff to date, Floor & Decor does not believe that the subject wood paneling was ever sold by Floor & Decor.

Indeed, Plaintiff's Petition expressly seeks damages in excess of $1,000,000,[5] well above this Court's jurisdictional threshold.

8. Plaintiff Jackie Nguyen is a citizen of Texas who is alleged to be domiciled in Fort Bend County.[6] Plaintiff is thus a citizen of Texas for purposes of 28 U.S.C. § 1332(a).

9. In addition to her purported individual claims, Plaintiff purports to bring claims on behalf of decedents O.N., E.N., and C.N. At the time of their deaths, decedents O.N., E.N., and C.N. are alleged to have been domiciled in Fort Bend County.[7] Plaintiff is thus deemed to be a citizen of Texas for purposes of the claims brought on behalf of decedents O.N., E.N., and C.N. *See id.* § 1332(c)(2).

10. Defendant Floor & Decor is a Delaware corporation with its principal place of business in Georgia. Floor & Decor is thus a citizen of Delaware and Georgia.

11. The remaining defendants (Inspections Now and Jason Post Homes) have been improperly joined such that removal is proper despite their inclusion in the State Court Action. "In every case where a diverse defendant proves that the plaintiff's decision to join an in-state party is improper, the diverse defendant gains access to the federal courts." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 575 (5th Cir. 2004). A non-diverse defendant is improperly joined where, as here, "there is no possibility of recovery by the plaintiff" against that defendant. *Id.* at 573; *id.* at 573 n.9 ("A 'mere theoretical possibility of recovery under local law' will not preclude a finding of improper joinder.").

12. Defendant Inspections Now is improperly joined. Under well-settled Texas law, only one wrongful death suit may be prosecuted on behalf of all wrongful death beneficiaries. *See*

---

[5] Pl.'s Second Am. Pet. ¶ 23.

[6] *Id.* ¶ 3.

[7] *Id.*

Tex. Civ. Prac. & Rem. Code § 71.004; *Avila v. St. Luke's Lutheran Hosp.*, 948 S.W.2d 841, 850 (Tex. App.—San Antonio 1997) ("The [Texas Wrongful Death Act] contemplates that only one suit shall be brought, which shall be for the benefit of all parties entitled to recover."); *McPeak-Torres v. Texas*, No. G-12-075, 2015 WL 12748276, at *2 (S.D. Tex. Jan. 22, 2015) (Costa, J.) ("The Texas Wrongful Death statute contemplates that only one suit shall be brought, which shall be for the benefit of all parties entitled to recover."). A wrongful death action by a wrongful death beneficiary of decedents O.N., E.N., and C.N., which was filed before the State Court Action, is already pending against Inspections Now. *See Nathan Nguyen v. Inspections Now, Inc.*, No. 21-DCV-286087 (240th Judicial District Court, Fort Bend County, Texas). Plaintiff is thus barred from bringing a separate wrongful death action on behalf of decedents O.N., E.N., and C.N. against Inspections Now, rendering Inspections Now improperly joined in this suit.

13. Jason Post Homes is also improperly joined. Plaintiff's claims against Jason Post Homes stem entirely from Plaintiff's allegation that Jason Post Homes negligently inspected her home prior to the fire.[8] But employees of Jason Post Homes never inspected Plaintiff's home; indeed, no employee of Jason Post Homes ever set foot inside Plaintiff's home.[9] Plaintiff thus has no possibility of recovery from Jason Post Homes, rendering Jason Post Homes improperly joined. *See Smallwood*, 385 F.3d at 573 ("[T]here are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.").

---

[8] Pl.'s Second Am. Pet. ¶¶ 12–14.

[9] *See* Jason Post Homes, LLC's Initial Rule 194 Disclosures (Jan. 4, 2022); Jason Post Homes, LLC's Motion for Summary Judgment (Jan. 20, 2022); Affidavit of Jason Post (Jan. 20, 2022). These documents are not attached to this Notice of Removal pursuant to Local Rule 81.

14. In sum, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because it is a civil action; the amount in controversy exceeds $75,000; and Plaintiff (who is a citizen of Texas) is completely diverse from Floor & Decor (who is a citizen of Delaware and Georgia).

### Compliance with Removal Procedures

15. This Notice of Removal is filed within the time prescribed by law. Floor & Decor first learned of Jason Post Homes' improper joinder when it was served with Jason Post Homes' Initial Rule 194 Disclosures on January 4, 2022, less than 30 days before the filing of this Notice of Removal.[10] *See* 28 U.S.C. § 1446(a), (b)(3); *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) (holding that 30 days begins to run under 28 U.S.C. § 1446(b)(3) upon defendant's discovery of fraudulent joinder); *Reynero v. Texas Roadhouse, Inc.*, No. 5:14-cv-4, 2014 WL 1569413, at *5 (S.D. Tex. Apr. 9, 2014) ("[A] defendant in an improper joinder case must remove within 30 days from the point when he objectively could have discovered that the case was removable."). Thus, pursuant to 28 U.S.C. § 1446(b)(3), this Notice of Removal is being filed within thirty days after receipt through service on Floor & Decor of an "other paper" from which it could first be ascertained that the case is one which is or has become removable.

16. Improperly joined defendants need not consent to removal. *See* 28 U.S.C. § 1446(b)(2); *Jernigan*, 989 F.2d at 815 (holding that consent of improperly joined codefendants is not required).

17. Venue is proper in the Southern District of Texas, Houston Division because the State Court Action is pending in Fort Bend County, Texas. *See* 28 U.S.C. § 1441(a).

---

[10] *Id.*

18. Pursuant to Local Rule 81, attached to this Notice of Removal are the following documents:

    a.    An index of the documents being filed; [11]

    b.    All executed process in the case; [12]

    c.    All pleadings asserting causes of action and all answers to said pleadings; [13]

    d.    All orders signed by the judge in the State Court Action; [14]

    e.    The State Court Action docket sheet; [15]

    f.    A list of all counsel of record. [16]

19. A copy of this Notice is being served on counsel for all parties and filed with the clerk of the 434th Judicial District Court. *See id.* § 1446(d).

---

[11] Attached hereto as **Exhibit 1**.

[12] *See* Affidavit of Service of Citation issued to Floor & Decor (attached hereto as **Exhibit 2**); Affidavit of Service of Citation issued to Jason Post Homes (attached hereto as **Exhibit 3**); Affidavit of Service of Citation issued to Inspections Now (attached hereto as **Exhibit 4**).

[13] *See* Pl.'s Orig. Pet. (attached hereto as **Exhibit 5**); Pl.'s First Am. Pet. (attached hereto as **Exhibit 6**); Pl.'s Second Am. Pet (attached hereto as **Exhibit 7**); Inspections Now's Original Answer (attached here to as **Exhibit 8**); Floor & Decor's Original Answer (attached hereto as **Exhibit 9**); and Jason Post Homes' Original Answer (attached hereto as **Exhibit 10**).

[14] *See* Order Granting Adam Reinke's Motion for *Pro Hac Vice* Admission (attached hereto as **Exhibit 11**); and Order Granting Susan Clare's Motion for *Pro Hac Vice* Admission (attached here to as **Exhibit 12**).

[15] Attached hereto as **Exhibit 13**.

[16] Attached hereto as **Exhibit 14**.

Dated: January 20, 2022								Respectfully submitted,

							*/s/ R. Bruce Hurley*
							R. Bruce Hurley (*Attorney-in-Charge*)
							State Bar No. 10311400
							S.D. Tex. Bar No. 12335
							Elizabeth Robertson Taber (*Of Counsel*)
							State Bar No. 24060502
							S.D. Tex. Bar No. 1402483
							Mitchell B. Bryant (*Of Counsel*)
							State Bar No. 24103534
							S.D. Tex. Bar No. 3482311
							KING & SPALDING LLP
							1100 Louisiana, Suite 4100
							Houston, Texas 77002
							Telephone: 713.751.3200
							Fax: 713.751.3290
							bhurley@kslaw.com
							etaber@kslaw.com
							mbbryant@kslaw.com

							***ATTORNEYS FOR DEFENDANT FLOOR & DECOR OUTLETS OF AMERICA, INC.***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon all known counsel of record via email and by filing with the Clerk of Court using the CM/ECF system.

Houston, Texas, this 20th day of January, 2022.

							*s/ R. Bruce Hurley*
							R. Bruce Hurley

7