IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JACKIE NGUYEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-22-00209 |
| | § | |
| INSPECTIONS NOW, INC., FLOOR AND | § | |
| DECOR OUTLETS OF AMERICA, INC., | § | |
| AND JASON POST HOMES, LLC, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM AND OPINION

During the February 2021 winter freeze and resulting power outages, Jackie Nguyen used her fireplace to heat her home in Sugarland, Texas. Nguyen, her three children, and her mother were asleep when a fire broke out in the middle of the night, killing Nguyen's children and her mother. Nguyen alleges that this tragic accident occurred because defendant Floor and Decor Outlets of America, Inc. "failed to warn [her] of the danger of using . . . wood paneling to finish the exterior wall of the fireplace," and because defendant Inspections Now, Inc. was negligent when it inspected her home and indicated on the property-inspection report that the fireplace and chimney were functional and safe. (Docket Entry No. 1-8, at 4). Nguyen sued in state court on claims of negligence, products liability, and wrongful death, seeking monetary relief in excess of $1 million. (*Id.*, at 4–7). Floor and Decor removed to federal court under 28 U.S.C. § 1332.

Floor and Decor asserts that there is diversity of citizenship because it is incorporated in Delaware and has its principal place of business in Georgia, Nguyen is a Texas resident, and the amount in controversy exceeds $75,000. (Docket Entry No. 1). Floor and Decor acknowledges that Inspections Now is incorporated in Texas, but argues that Nguyen has "no possibility of

recovery" against Inspections Now, making its joinder improper. (*Id.*, at 3). Nguyen moved to remand, arguing that Inspections Now was properly joined.[1] (Docket Entry No. 4).

After a careful review of the state-court pleadings, the notice of removal, the motion to remand, the response, and the applicable law, the court does not find improper joinder and grants Nguyen's motion to remand. Remand is entered by separate order. The reasons are explained below.

### I. The Legal Standard for a Motion to Remand

"To remove a case based on diversity, the diverse defendant must demonstrate that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc). "A case may be removed pursuant to 28 U.S.C. § 1332 if there is complete diversity of citizenship and the amount in controversy is greater than $75,000 exclusive of interests and costs." *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 183 (5th Cir. 2018).

"[A] district court is prohibited by statute from exercising jurisdiction over a suit in which any party, by assignment or otherwise, has been improperly or collusively joined." *Smallwood*, 385 F.3d at 572 (emphasis omitted) (citing 28 U.S.C. § 1359). "A defendant is improperly joined if the moving party establishes that (1) the plaintiff has stated a claim against a diverse defendant that he fraudulently alleges is nondiverse, or (2) the plaintiff has not stated a claim against a defendant that he properly alleges is nondiverse." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp.* 818 F.3d 193, 199 (5th Cir. 2016) (emphasis omitted); *Travis v. Irby*, 326 F.3d 644,

---

[1] Nguyen agrees that defendant Jason Post Homes was improperly joined and that she "intends to dismiss her claims against Jason Post Homes after the Court rules on Plaintiff's motion to remand." (Docket Entry No. 4, at 2 n.1). The parties agree that "Jason Post Homes can be disregarded for purposes of this motion." (*Id.*). The court considers only whether Inspections Now was improperly joined.

2

647 (5th Cir. 2003). The issue is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. In most cases, "if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.*

"The burden of persuasion on those who claim improper joinder is a heavy one." *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016) (alteration omitted) (quoting *Irby*, 326 F.3d at 649). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. & Cas. Inc.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

## II. Analysis

Floor and Decor asserts federal jurisdiction on the basis of diversity of citizenship, asking the court to disregard the citizenship of Inspections Now, the nondiverse defendant. Floor and Decor argues that Texas law bars Nguyen's wrongful death claims against Inspections Now because Nguyen's ex-husband already filed a wrongful death suit on behalf of his children, and Nguyen cannot bring her duplicative wrongful death claims in a separate action. (Docket Entry No. 16, at 7). Floor and Decor also argues that Nguyen's personal-injury claim against Inspections Now is "part and parcel of her wrongful death claims against Inspections Now, requiring that they be brought in the same suit under the res judicata-based 'single action' rule." (*Id.*, at 13). Because all of Nguyen's claims against Inspections Now must be brought as part of her ex-husband's

3

wrongful death suit, Floor and Decor argues, Inspections Now was improperly joined in this lawsuit.

The Texas Wrongful Death statute provides that "[a]n action to recover damages [for the wrongful death of a spouse, child, or parent] is for the exclusive benefit of the surviving spouse, children, and parents of the deceased," and that "[t]he surviving spouse, children, and parents of the deceased may bring the action[,] or one or more of those individuals may bring the action for the benefit of all." TEX. CIV. PRAC. & REM. CODE § 71.004. "The Texas Wrongful Death statute contemplates that only one suit shall be brought" on behalf of all the statutory wrongful death beneficiaries, "which shall be for the benefit of all parties entitled to recover." *McPeak-Torres v. Texas*, Case No. G-12-075, 2015 WL 12748276, at *2 (S.D. Tex. Jan. 22, 2015) (citing TEX. CIV. PRAC. & REM. CODE § 71.004). "The purpose of this rule was to protect the defendant from multiple suits arising out of the same death." *Id.*

Nguyen's ex-husband, Nathan Nguyen, filed a wrongful death suit against Inspections Now on behalf of his deceased children on August 10, 2021. (Docket Entry No. 16-1). Nathan Nguyen has not served Inspections Now even though he filed suit seven months ago. Inspections Now has not filed an answer in Nathan Nguyen's state-court suit. (Docket Entry No. 4, at 8 n.3).

On September 7, 2021, Jackie Nguyen filed this lawsuit less than one month after Nathan Nguyen filed suit. Jackie Nguyen served Inspections Now on October 19, 2021, and Inspections Now answered on October 28, 2021. (*Id.*, at 2). Nguyen later amended her complaint to add Floor and Decor as a defendant. (*Id.*).

Floor and Decor argues that because Nathan Nguyen filed his lawsuit first, Jackie Nguyen is barred from bringing her wrongful death claims in a separate action. But that is not necessarily

4

true.  Although "[t]he Texas Wrongful Death statute contemplates that only one suit shall be brought [on behalf of wrongful death beneficiaries]," "it is not . . . a mandatory rule." *McPeak-Torres*, 2015 WL12748276, at *2; *see also Bane v. Rosser*, Case No. 11-01-00080-CV, 2001 WL 34375776, at *3 (Tex. App. 2001) ("Section 71.004(b) refers to 'an action,' but the section's 'one action' rule is designed to prevent a defendant from being subject to multiple suits; it is not a mandatory rule."); *cf. Avila v. St. Luke's Lutheran Hosp.*, 948 S.W.2d 841, 857 (Tex. App. 1997) (Rickoff, *J.*, concurring on denial of rehearing) ("The Wrongful Death Act refers to 'an action' and 'the action,' but it does not expressly limit the number of lawsuits that may be brought in connection with a single event.  While the 'one action' rule is designed to prevent a defendant from being subject to multiple suits, it is not a mandatory rule.").

Because the "one suit" rule is not mandatory, "[a] defendant may waive the right to urge error based on the non-joinder of a statutory beneficiary." *Bane*, 2001 WL 34375776, at *3; *see also Fort Bend Cnty. v. Norsworthy*, Case No. 14-17-00520-CV, 2019 WL 1291526, at *5 n.9, 10 (Tex. App. Mar. 21, 2019).  Inspections Now answered Jackie Nguyen's complaint and did not object to the fact that she did not join her ex-husband in her wrongful death suit.  Inspections Now did not seek dismissal on the basis of Nathan Nguyen's prior suit against it.  Floor and Decor's improper joinder argument is "based on a potential objection that another party may (or may not) raise at a later date." (Docket Entry No. 4, at 8).  The possibility of that objection does not establish that there is "no possibility of recovery" against Inspections Now.  *Smallwood*, 385 F.3d at 573.

Even if Texas law requires that only one suit be filed to address the wrongful death of Nguyen's children, the remedy may not be dismissing Nguyen's lawsuit against Inspections Now in favor of her ex-husband's lawsuit.  The state court could consolidate the two wrongful death

5

suits. *See, e.g.*, *Ordonez v. Abraham*, 545 S.W.3d 655, 661 (Tex. App. 2017) ("Texas undoubtedly requires that only one suit be filed to address the alleged negligent death of a person. . . . But the [court] remedied any error with multiple suits by consolidating everything into a single proceeding."); *cf. Kozak v. Guard-Line, Inc.*, Case No. 3:07-cv-1976, 2008 WL 877740, at *3 (N.D. Tex. Mar. 14, 2008) (remanding because "it [was] not clear under Texas law whether plaintiffs' claims . . . would be subject to dismissal (i.e., no possibility of recovery) or only to abatement"). Further, nothing in the statute suggests a "first-to-file" rule that requires dismissing Jackie Nguyen's lawsuit in favor of Nathan Nguyen's lawsuit, particularly since he has yet to take any action beyond filing his complaint seven months ago.

The possibility that Jackie Nguyen's claims might be dismissed because of Nathan Nguyen's wrongful death suit is insufficient to meet Floor and Decor's burden of establishing that Inspections Now was improperly joined and that federal jurisdiction exists. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Nguyen's motion to remand, (Docket Entry No. 4), is granted. Remand to the 434th Judicial District of Fort Bend County, Texas, is entered by separate order.

SIGNED on March 17, 2022, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge